UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:05-60063<br>CIVIL NO. 6:13-0678 |
| VERSUS | * | JUDGE DOHERTY |
| BYRAN JOSEPH AUGUSTINE | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is the Motion to Correct Illegal Sentence filed by petitioner, Byran Joseph Augustine, pursuant to 28 U.S.C. § 2255. [rec. doc. 131]. This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

The record reveals that on April 22, 2009, petitioner pled guilty to Counts One and Two of a Bill of Information charging petitioner with Abusive Sexual Contact in violation of 18 U.S.C. § 2244(a)(1), and Making a False Statement to the Federal Bureau of Investigation in violation of 18 U.S.C. § 1001. [rec. docs. 93 and 94].

Prior to sentencing, petitioner's counsel withdrew and new counsel was appointed. [rec. docs. 106, 107 and 111]. Newly appointed counsel thereafter advised the Court that petitioner had indicated that he might want to withdraw his plea based on his alleged actual innocence. Accordingly, counsel requested additional time to discuss the matter with his client prior to sentencing. Counsel was instructed to contact the government no later than November 13, 2009 to advise whether a motion to withdraw the guilty plea would be filed. [rec. doc. 112]. Thereafter, when no such Motion was filed by petitioner, sentencing was set. [rec. docs. 115 and 118].

Petitioner appeared for sentencing on January 19, 2010, at which time petitioner was sentenced to one hundred twenty months imprisonment on Count One and Sixty months imprisonment on Count Two, the sentences to run consecutively. [rec. doc. 120]. Petitioner's Judgment of conviction was entered on this Court's docket on January 22, 2010. [rec. doc. 121].

Petitioner did not directly appeal his conviction and sentence. The instant Motion was signed on March 25, 2013, postmarked March 28, 2013 and filed by the Clerk of this Court on April 1, 2013. Petitioner asserts the following claims: (1) that his plea was involuntary because he was coerced by his attorney, who promise that petitioner would receive a 24 to 30 month sentence; (2) that he is actually innocent of Count One, Abusive Sexual Contact, because of an alleged statement of rig cook Virginia D'Aquin; (3) that the government committed a *Brady* violation by failing to disclose the alleged statement of rig cook Virginia D'Aquin and the alleged filing of lawsuits against other men on other rigs based on similar allegations; (4) that his counsel was ineffective by advising petitioner to plead guilty based on the unkept promise that petitioner would be sentenced to 24 to 30 months imprisonment; and (5) that his counsel was ineffective for failing to file a direct appeal on his behalf.

Petitioner acknowledges that his Motion has been filed over one year from the date his conviction became final. However, he argues that his untimeliness should be excused because he is actually innocent of Count One, Abusive Sexual Contact, because his

counsel did not preserve his right to direct appeal and because his counsel coerced his guilty plea. [rec. doc. 131, pg. 13, ¶ 18].

## LAW AND ANALYSIS

**Untimeliness of the Instant Motion**

Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on February 5, 2010, fourteen days (including holidays and weekends) after petitioner's judgment of conviction was entered on this Court's docket.[1] *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Petitioner therefore had one year, or until February 5, 2011 to file his § 2255 Motion in this Court. The instant Motion was not filed until, at the earliest, March 25, 2013.[2] Thus, it is clear that petitioner's claims cannot be considered under the period established by 28 U.S.C. § 2255(f)(1). Rather, petitioner must rely on one of three statutory exceptions to the general rule which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction. *See* 28 U.S.C. § 2255(f)(2)(3) and (4).

Petitioner does not claim that the Government created an impediment to filing his motion, that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review or that his claims rely on the newly discovered facts which

---

[1] Effective December 1, 2009, Rule 4 of the Federal Rules of Appellate Procedure was amended to provide a fourteen day period in which weekends are included. The prior rule provided for a ten day period, excluding holidays and weekends.

[2] Petitioner signed his Motion on March 25, 2013. Accordingly, the Court has given petitioner the benefit of the "mailbox" rule.

could not have been discovered through the exercise of due diligence.  Thus, subsections (2), (3) and (4) are inapplicable.

Rather, petitioner argues that an exception to the one-year limitation period should be recognized because he is actually innocent of Count One, Abusive Sexual Contact, because his counsel did not preserve his right to direct appeal and because his counsel coerced his guilty plea.   No such exceptions exists.

Indeed, with respect to petitioner's actual innocence claim, the Fifth Circuit has held that the one-year limitations period "contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).[3]  Moreover, the Fifth Circuit has repeatedly held that claims of actual innocence do not justify equitable tolling of the limitations period.  *Id*.; *U.S. v. Riggs*, 314 F.3d 796, 800 fn. 9 (5th Cir.2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Tate v. Parker*, 439 Fed. Appx. 375, fn.1 (5th Cir. 2011).  Accordingly, a petitioner's claim of actual innocence is "not relevant to the timeliness of his petition." *Riggs*, 314 F.3d at 800 n. 9.  Therefore, petitioner's claim of actual innocence does not preclude the dismissal of his Motion as untimely.

Finally, even if there was an actual innocence exception to the one year limitation period, petitioner has not made the requisite showing for application of any exception

---

[3] The Fifth Circuit has noted that because the limitations provisions for § 2254 and § 2255 are nearly identical and the actions are similar, it is proper to read them in *pari materia*.  Hence, the Fifth Circuit has relied upon case law interpreting the provisions applicable to § 2254 petitions when interpreting the provisions applicable to motions under § 2255.  *Patterson,* 211 F.3d at 930; *Flores*, 135 F.3d at 1003, fn 7.  Thus, the undersigned has referred to cases involving the provisions applicable to both § 2255 and § 2254 in this analysis.

4

based on actual innocence in this case.  In *Schlup v. Delo*, the Supreme Court explained that a petitioner seeking to overcome a procedural default by showing "actual innocence" must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *House v. Bell,* 547 U.S. 518, 537, 126 S.Ct. 2064, 2077 (2006) *citing Schlup*, 513 U.S. at 327.   The petitioner must support his claim with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence",  "that was not presented at trial." *House,* 547 U.S. at 537, 126 S.Ct. at 2077 *citing Schlup*, 513 U.S. at 324-28.  Examples of new, reliable evidence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *See Fairman v. Anderson*, 188 F.3d 635, 645 (5th Cir. 1999) *citing Schlup*, 513 U.S. at 324.

    Here, petitioner offers no newly discovered evidence in the form of scientific evidence, physical evidence, or trustworthy eyewitness testimony.  To the contrary, petitioner's claim of a consensual sexual contact between himself and the victim was the subject of a March 19, 2009 hearing on petitioner's Motion to introduce such evidence under Rule 412 of the Federal Rules of Evidence. [rec. doc. 67, 75, 80 and 116].  In support of his present actual innocence claim, petitioner submits the handwritten statement of Walter Mitchell dated July 13, 2004 and supplemental statement by Mitchell, in which Mitchell states that in talking to the night cook, Virginia D'Aquin, he was

informed that the night before the crime, the victim tried to feed petitioner ice cream and apple pie and that petitioner told her to stop and walked away. Both of these statements were entered into evidence by defense counsel at the March 19, 2009 hearing on petitioner's Rule 412 Motion, and were considered by the Court in ruling against petitioner, finding the evidence not admissible. [rec. doc. 116, pgs. 33-35; rec. doc. 77; rec. doc. 80, pg. 3]. Accordingly, this evidence is not new.

Moreover, petitioner has presented no statement from Ms. D'Aquin, or any evidence that the government had such a statement at the time of petitioner's prosecution, much less withheld same. Further, petitioner has presented no evidence that any such alleged statement would have contained any additional evidence, favorable to the defense, not already known to petitioner or his counsel prior to his guilty plea.

Petitioner likewise presents no evidence of the existence of any lawsuits filed by the victim, and even if such lawsuits were filed, they would not constitute *Brady* evidence, as these public records would have been readily available to the defense. *Brady* does not obligate the government to furnish a defendant with exculpatory evidence that is fully available to the defendant through the exercise of reasonable diligence. *Kutzner v. Cockrell,* 303 F.3d 333, 336 (5th Cir. 2002) *citing Rector,* 120 F.3d at 558. When evidence is equally available to both the defense and the prosecution, the defendant must bear the responsibility of failing to conduct a diligent investigation. *Id. citing Herrera v. Collins*, 954 F.2d 1029, 1032 (5th Cir. 1992).

Finally, the affidavit of petitioner's father, Chris Augustine, submitted by petitioner does not provide any evidence of actual innocence. Rather, the affidavit merely supports

petitioner's claim that counsel promised petitioner he would receive a 24 to 30 month sentence.  Notably, this claim is expressly refuted by petitioner's testimony, while under oath during his plea hearing, wherein petitioner unambiguously told the Court that no one had made any prediction, prophecy, or promise to him as to what his sentence would actually be, that he understood the Sentencing Guidelines, and that the Court was not bound by those Guidelines, nor any sentence recommended or agreed to by counsel. [rec. doc. 117, pgs. 23-24].

This claim is likewise refuted by the Plea Agreement signed by petitioner, wherein petitioner acknowledges his plea is free and voluntary, without reliance on any discussions between counsel and between himself and counsel, and "without promise and benefit of any kind other than the concessions contained in this agreement, and without threats, force, intimidation, or coercion of any kind." [rec. doc. 96, pg. 3-4].

Most importantly, petitioner's present claim of actual innocence is refuted by petitioner's own sworn testimony at the plea hearing, and the factual basis for petitioner's plea executed by petitioner in conjunction with the entry of his guilty plea.  A defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath.  *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir.1985).  "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Id*. *quoting  Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977).  Moreover, any documents signed by the defendant in

connection with a guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

> In the factual basis for petitioner's plea, petitioner stipulated as follows:
>
> On July 13, 2004, MG, an adult female was working as a cleaning person on the oil rig. The defendant was working as a deck hand. The defendant, on July 13, 2004 went into a room in which MG was sleeping. He approached her and forced her on to a table. He then, while lying partially on MG, touched MG's genitalia. He did this by using force upon MG. He engaged in this activity for his sexual gratification and to arouse his sexual desires. MG was able to push the defendant off of her and ran out of the room. She immediately reported what had occurred.

[rec. doc. 96-2, pg. 3].

During the plea hearing, Judge Doherty read these stipulated facts to petitioner, advising him "to listen very carefully" and to tell her if he did not agree with any of those facts or if any of those facts was incorrect. [rec. doc. 117, pg. 13]. After reading these facts, Judge Doherty asked petitioner "Now do you admit each of these facts?", "You agree with them?", They are accurate?", "And they are correct?", to which petitioner responded separately and repeatedly, "Yes, ma'am." [*Id.* at 15]. After verifying that petitioner had signed the factual basis for his plea, Judge Doherty again confirmed with petitioner that he understood and agreed the information contained in the documents signed by him, specifically asking "And the facts that we went through, you agree with those?" to which petitioner again stated "Yes, ma'am." [*Id.* at 22-23].

In light of the above, petitioner's claim of actual innocence does not satisfy the gateway requirements for review by this Court and accordingly, even if such an exception to the one year limitation period exists, it provides no basis for relief herein.

8

Finally, petitioner is not entitled to equitable tolling. The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007) ; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005). Likewise, the Fifth Circuit has held that in order for equitable tolling to apply, the applicant must diligently pursue his relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). The burden of proof concerning equitable tolling is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary so as to provide a basis for equitable tolling. Moreover, even if they were, the petitioner has not shown that any extraordinary circumstances prevented him from timely filing his federal *habeas* claims or that he pursued his rights diligently. To the contrary, the record reveals that the subject of an actual innocence claim by petitioner arose prior to petitioner's sentencing in November 2009. However, petitioner waited over three years after his conviction became final to file his § 2255 motion in which he asserts this claim for relief.

Moreover, he did not file the instant petition until over two years after the limitation period had run. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 403 *citing Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). That is the case herein. Accordingly, petitioner is not eligible for equitable tolling.

For the foregoing reasons, the undersigned finds that Byran Joseph Augustine's § 2255 Motion to Correct Illegal Sentence should be denied and dismissed because petitioner's claims are barred by the one-year limitation period.

Accordingly, **IT IS RECOMMENDED** that Byran Joseph Augustine's Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. § 2255 be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 5th day of April, 2013.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 4/5/2013
By: MBD

11